992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert H. GOLDEN and Judith Golden, Plaintiffs-Appellants,
v.
SPRING HILL ASSOCS., a Limited Partnership, Martin L.
Goldstein, Martin A. Halpern, John Volatile,
Martin Menack, Dick Johanson, and Roger
Werner, jointly and severally,
Defendants-Appellees.
 No. 92-1815.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1993.
 
 Before MARTIN and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs, Robert H. and Judith Golden, appeal the district court's denial of their motion, filed pursuant to FED.R.CIV.P. 60(b), to set aside the court's earlier grant of summary judgment in favor of the defendants. The Goldens also appeal the court's ruling on their motion to set aside judgment without conducting an oral hearing. We affirm.
 
 
 2
 This appeal stems from a lawsuit filed by the Goldens in January 1991 against the defendants, in which the Goldens alleged that the defendants had violated the federal and Michigan securities laws and the RICO statute, and that the defendants had committed various acts of common law fraud, breach of fiduciary duty and accounting malpractice. In January 1992, the district court dismissed the securities law and accounting malpractice claims as time-barred. On February 14, the defendants filed their joint motions to dismiss and for summary judgment on the plaintiffs' remaining claims. On February 24, the district court mailed a "motion practice" letter to counsel for all parties, informing them of the motions filed and the ten-day timing requirement for filing a response to the motions. The district court mailed a second letter to counsel for the parties on February 27, indicating which motions had been filed and that no response to the defendants' motions had been filed. The letter also asked counsel to contact the Clerk of Court if responses had been filed and informed counsel that the district court would decide the motions to dismiss and for summary judgment without oral argument.
 
 
 3
 On April 3, the district court granted the defendants' joint motions to dismiss and for summary judgment on each of the plaintiffs' remaining claims and dismissed the action against the defendants. As of April 3, the Goldens had not yet filed the required responses to the motions to dismiss and for summary judgment.
 
 
 4
 The plaintiffs filed a motion to set aside judgment, pursuant to FED.R.CIV.P. 60(b), with the district court on April 29. In support of their motion, the Goldens argued that before and during the pendency of the joint motions to dismiss and for summary judgment, their counsel suffered a breakdown or other mental incapacity. As such, they argued that "excusable neglect" under Rule 60(b)(1) prevented them from filing responses to the joint motions, and that the responses they would have filed would have demonstrated a genuine issue of material fact sufficient to preclude the district court's dismissal of their action. The district court denied the motion to set aside judgment, finding no evidence that the plaintiffs' counsel lacked capacity to respond to the joint motions. On appeal, the Goldens argue that the district court abused its discretion in denying their motion to set aside judgment and that, at a minimum, the court should have conducted an oral hearing before ruling on the motion. We disagree.
 
 
 5
 "It is well-settled that the granting of a motion to set aside judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court, and that determination will not be reversed except for abuse of discretion." Lewis v. Alexander, No. 92-3689, slip op. at 6 (6th Cir. Mar. 9, 1993) (citations omitted). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 133 (6th Cir.1990).
 
 
 6
 Under these circumstances, we cannot conclude that the district court abused its discretion in denying relief from judgment. In Buck v. United States Dep't of Agric., F.H.A., 960 F.2d 603 (6th Cir.1992), we held that the sudden illness of the movant's counsel did not constitute excusable neglect for failure to file pleadings. In Buck, counsel never informed the court of the illness, never offered proof of any illness, never filed a motion for extension of time, and performed other litigation tasks during the time of the claimed illness. Accordingly, we found no abuse of discretion in the district court's failure to set aside its dismissal of the case for failure to prosecute. Id. at 609. In this case, no evidence other than affidavits filed by the Goldens and their attorney substantiates the Goldens' claim that the mental illness of their attorney prevented him from filing a response to the joint motions to dismiss or for summary judgment. Counsel never notified the court of his illness until well after the court dismissed the Goldens' case. Moreover, counsel continued to engage in other litigation tasks in this and several other cases during the time of his alleged illness. As such, we find no error in the district court's denial of relief from judgment.
 
 
 7
 Furthermore, neither the Federal Rules of Civil Procedure nor the local rules of the United States District Court for the Eastern District of Michigan requires an oral hearing on a Rule 60(b) motion. See id. Thus, the district court did not err by ruling on the motion for relief from judgment without hearing oral argument from the parties, especially since Golden made no request for a hearing.
 
 
 8
 Therefore, the judgment of the district court is affirmed.