DECISION.
On July 3, 1997, plaintiff-appellant, Percy Shears, injured his right eye while he was unloading barrels containing hydrofluoric acid residue that had been transported to Shears's place of employment by defendant-appellee, H.V.C., Inc.[1] Counsel for Shears advised H.V.C. of Shears's injury and potential claim for damages on July 15, 1998. In turn, H.V.C. contacted its insurance carrier, Allianz Insurance Company. On July 23, 1998, Sal Ybarra, claims agent for Allianz, contacted Shears's counsel by phone.
Six months later, on January 17, 1999, Shears's counsel sent to Ybarra copies of all medical records and bills pertaining to the treatment of Shears's job-related injury. Ybarra thereafter failed to maintain regular contact with Shears's counsel and did not offer any settlement. On June 30, 1999, Ybarra was again contacted by Shears's counsel regarding the soon-to-expire limitations period for Shears's personal-injury claim. Shears filed his complaint against H.V.C. on July 2, 1999.
In addition to obtaining service of process on H.V.C., Shears's counsel mailed a copy of the complaint to Ybarra on the date the complaint was filed, pursuant to Ybarra's request. Ybarra subsequently received on July 13, 1999, a faxed copy of the complaint from William Jibilian, corporate counsel for H.V.C.'s parent corporation. Despite the receipt of two copies of Shears's complaint, counsel was not retained to represent H.V.C., and no responsive pleading was filed to protect H.V.C.'s interests in the litigation.
On August 4, 1999, twenty-nine days after he perfected service of process on H.V.C., Shears filed a motion for default judgment. The rules of civil procedure do not require notice to parties in default who have failed to enter an appearance, and the record reflects that H.V.C. was unaware of Shears's motion. On August 9, 1999, Ybarra contacted Shears's counsel, seeking an extension of time to file an answer to the complaint. That request was denied, and the record does not reflect whether Ybarra had yet contacted an attorney to represent H.V.C.
On August 11, 1999, a Civ.R. 55(A) hearing was held, and the magistrate issued a decision in favor of Shears for $350,000. On August 17, 1999, Shears's counsel received a copy of the magistrate's decision. Jibilian also received by mail a copy of the magistrate's decision on August 24, 1999, and he contacted Ybarra to ascertain why a responsive pleading had not been timely filed. Ybarra informed Jibilian that the complaint had been misfiled by Ybarra's secretary.
Also on August 24, 1999, attorney Kenneth J. Ignozzi, who had apparently been contacted by Ybarra that day, called Shears's counsel to discuss the case; however, Ignozzi took no other action regarding the magistrate's decision. Finding that there were no objections to the magistrate's decision, the trial court, on August 31, 1999, entered a final judgment of default in favor of Shears.
On September 9, 1999, H.V.C. moved the court, pursuant to Civ.R. 60(B), for relief from the August 31, 1999, judgment. The court, on October 14, 1999, granted H.V.C.'s motion, and on October 20, 1999, Shears filed his notice of appeal from that judgment. In a single assignment of error, Shears now claims that the trial court abused its discretion when it granted H.V.C.'s motion for relief from judgment. Since a Civ.R. 60(B) motion is left to the sound discretion of the trial court, we may reverse in this case only if we conclude that the trial court abused its discretion. See Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122, 1123-1124.
In order to prevail on a Civ.R. 60(B) motion, the party seeking relief must demonstrate that (1) there would be a meritorious defense to present if relief were granted; (2) one of the bases for relief from judgment applies; and (3) the motion is timely made. See Sycamore Messenger, Inc. v. Cattle Barons, Inc. (1986),31 Ohio App.3d 196, 509 N.E.2d 977, citing GTE Automatic Electric,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113; see, also, Childs v. Kelley (Jan. 23, 1991), Hamilton App. No. C-890486, unreported. Here, Shears concedes that H.V.C. timely filed its motion and presented what could be deemed meritorious defenses if relief were granted. The issue before us, therefore, is limited to whether the trial court abused its discretion in finding that H.V.C's failure to respond to the complaint was "excusable neglect" or that there was some other just reason for excusing H.V.C.'s failure to respond to Shears's complaint.
In GTE Automatic Electric, Inc., supra, the Supreme Court of Ohio held that the negligence of a party's agent is imputed to the party who seeks relief from a default judgment based upon "excusable neglect." See, also, Griffey, supra; InternationalLottery, Inc. v. Kerouac (1995), 102 Ohio App.3d 660, 667,657 N.E.2d 820, 824. In Colley v. Bazell (1980), 64 Ohio St.2d 243,416 N.E.2d 605, paragraph two of the syllabus, the court stated,
 Where a defendant, upon being served with summons in a cause of action based on a claim for which he has liability insurance, relies upon his carrier to defend the lawsuit, his failure to file an answer or to determine independently that his carrier has failed to file timely an answer which leads to the taking of a default judgment, may constitute "excusable neglect," depending on the facts and circumstances of the case, so as to justify relief from the default judgment pursuant to Civ.R. 60(B). [Emphasis added.]
But the court has also held that "excusable neglect" does not exist when the defendant or its insurer "exhibit[s] a disregard for the judicial system and the rights of the plaintiff."Griffey, supra, at syllabus.
In Griffey, the court stated that an insurance company's admission that its "failure to respond to [the] complaint was due to a `breakdown in routing channels of communication'" was "more an admission of neglect rather than an excuse for it." Id. at 79,514 N.E.2d at 1126. The court held in Griffey that "a carrier who contracts to provide a defense should equip itself to file a responsive pleading when notified of a suit which falls within its coverage," and that failing to do so is not a case of "excusable neglect." See Griffey, supra, at 79-80, 514 N.E.2d at 1126. Although we recognize that cases should be tried on the merits, the facts of this case are remarkably similar to what was described by the Supreme Court of Ohio as "inexcusable neglect" inGriffey. See id.
In this case, both the insurer and the insured knew that a complaint had been filed. Ybarra, the claims agent, had received a mailed copy of the complaint from Shears's counsel, and had received a faxed copy of the complaint from H.V.C.'s corporate counsel. Although we do not doubt the veracity of Ybarra's explanation that the complaint was misfiled, the careless misfiling of at least two copies of the complaint, coupled with a failure to timely secure counsel and to object to any part of the magistrate's decision, demonstrated a complete disregard for the judicial system and Shears's rights. This type of negligence and disregard for the judicial system and for the rights of the plaintiff does not constitute the type of "excusable neglect" contemplated by Civ.R. 60(B), such that we can now say that relief from a default judgment should have been granted. Furthermore, on this record, we can see no other just reason for granting H.V.C.'s motion for relief from judgment.
We, therefore, hold that the trial court abused its discretion when it granted H.V.C.'s motion for relief from judgment. We sustain Shears's assignment of error, reverse the judgment of the trial court granting H.V.C's motion for relief from judgment, and reinstate the trial court's August 31, 1999, entry granting default judgment to Shears.
_______________________ Per Curiam
Doan, P.J., Painter and Winkler, JJ.
[1] There is nothing in the record to indicate whether Shears filed a workers' compensation claim with his employer, Queen City Barrel Company, for the injuries Shears apparently sustained in connection with his employment.