OPINION
Plaintiff-appellant WFMJ Television, Inc., appeals the decision of the Mahoning County Common Pleas Court which granted the motion for relief from default judgment filed by ATT Federal Systems-CSC. The main issue before this court is whether the trial court abused its discretion in vacating the previous default judgment. In making that determination, we need to decide: whether a trial court must issue an opinion in deciding to vacate a prior judgment; whether the motion to vacate was timely; whether the defendant alleged a meritorious defense; and, whether the failure to answer was the result of excusable neglect. We also must consider whether the court may grant relief from judgment without holding an evidentiary hearing. For the following reasons, the trial court's decision is affirmed.
 STATEMENT OF FACTS
On June 16, 1988, WFMJ entered into a month-to-month agreement with ATT whereby WFMJ would pay $1,601.10 per month to ATT in order to access a data line that ran to Youngstown from the Canton-Akron airport in order to receive reports from the United States Weather Bureau located in the airport. Either party could cancel the contract with notice. WFMJ paid their monthly bills until January 2000 when it sent a letter to ATT canceling the contract.
On April 7, 2000, WFMJ filed a complaint against ATT alleging breach of contract and unjust enrichment. The complaint alleged that WFMJ canceled the contract on November 2, 1990 and the airport's Weather Bureau closed in June 1994. WFMJ alleged that ATT breached the contract by continuing to bill and accept payment from WFMJ after cancellation of the contract or after closing of the bureau. The complaint claims that ATT failed to provide any service after November 1990 even though WFMJ kept paying the monthly bills. The summons and complaint were delivered by certified mail on April 17, 2000.
WFMJ filed a motion for default judgment on June 1, 2000, since the May 16 answer date had passed. The court granted default judgment on June 6, 2000. This order was sent to ATT by regular mail. A hearing on damages was held on July 28, 2000. The court awarded $108,852.58 in damages for breach of contract plus $52,717.73 in prejudgment interest, for a total award of $161,570.31. On October 27, 2000, WFMJ's attorney contacted ATT by letter with the judgment entry attached; ATT admits receiving this letter and attachment. When ATT failed to respond to the letter, counsel initiated garnishment proceedings.
Then, on February 7, 2001, ATT filed a Civ.R. 60(B)(1) motion for relief from judgment and a motion for leave to file an answer instanter. ATT's motion claimed that it had been served; however, due to excusable neglect and administrative error, the complaint was not properly forwarded to the appropriate department. The motion noted that the complaint was sent to the correct street address and received by their mailroom. The motion seems to complain that the address also specified room number A202, which is the return address on ATT's monthly billing statements. The motion states that thirty employees occupy room A202. Since the letter was not addressed to a specific person within the room, it should have been given to Vivian Fenwick who also occupies that room and who would have known where to forward it. Ms. Fenwick's affidavit states that she does not recall receiving the complaint. As for timeliness, ATT claims that the February 2001 motion was filed within a reasonable time because ATT first became aware of the action when it received counsel's letter in October 2000. As for a meritorious defense, ATT states that WFMJ did not cancel the contract in November 1990 but rather canceled it in January 2000.
After receiving memoranda on both sides of the issue, the court vacated the default judgment on March 22, 2001. WFMJ filed timely notice of appeal. WFMJ sets forth two assignments of error for our review. The first assignment of error, alleging that the trial court abused its discretion in vacating the default judgment, can be separated into four parts: factual findings, timeliness, meritorious defense, and excusable neglect. The second assignment of error asks whether the court was required to hold a hearing before vacating the default.
 FACTUAL FINDINGS
Initially, WFMJ states that in ruling on a motion for relief from judgment under Civ.R. 60(B), the court is required to make factual determinations. WFMJ then concludes that a court abuses its discretion where it vacates default judgment without placing into the record its factual determinations on the necessary factors. As ATT points out, there is no requirement that the court explain its reasonings in its entry.
Civ.R. 60(B) provides that the procedure for obtaining relief from judgment shall be by motion as prescribed by the rules. Thus, we look to other civil rules to determine the necessity of written factual findings. Pursuant to Civ.R. 52, entitled "Findings by the court," the court may enter a general judgment for the prevailing party even where it has tried questions of fact. If a party timely requests findings of fact after a court has tried factual issues, then the court shall state in writing the conclusions of law separately from the findings of fact. The rule goes on to say that findings of fact and conclusions of law are unnecessary upon all other motions.
Here, WFMJ made no request for separate findings of fact. Moreover, the court did not determine any factual issues. Rather, it applied the law to the facts before it that were not disputed. (Had the facts as relevant to the 60(B) motion been in dispute, the court would have held a hearing to determine veracity as discussed infra.) As such, the court did not abuse its discretion when it entered judgment without making written factual findings.
 CIV.R. 60(B) IN GENERAL
Pursuant to Civ.R. 55(B), the trial court may set aside a default judgment in accordance with Civ.R. 60(B). Pursuant to Civ.R. 60(B), a court may relieve a party from final judgment for five reasons, the first of which is mistake, inadvertence, surprise, or excusable neglect. To prevail on a 60(B) motion, the movant must demonstrate the following: (1) that he has a meritorious defense (or claim) to present if relief is granted; (2) that he is entitled to relief under one of the five divisions of Civ.R. 60(B); and (3) that the motion was made within a reasonable time, not to exceed one year in the case of Civ.R. 60(B)(1), (2) or (3). GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 150-151. Generally, courts prefer suits to be concluded on their merits and thus characterize Civ.R. 60(B) as a remedial rule. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79. Simultaneously, however, the Court states that it refuses to let Civ.R. 60(B) serve as an emasculation of the pleading rules and time limits. Id. Our standard of review requires that we evaluate whether the trial court abused its discretion in granting the 60(B) motion to vacate. See Id.
 TIMELINESS
As aforementioned, a motion under Civ.R. 60(B)(1) on grounds of excusable neglect must be filed within a reasonable time. This reasonable time cannot exceed one year. One year is the outside maximum, and thus, filing within that maximum does not ensure that the motion for relief from judgment is timely.
The mailroom at ATT received service of summons and the complaint on April 17, 2000, but either the mailroom employees or the employees in Room A202 failed to forward the documents to the proper department or the supervisor of Room A202 who states she would have forwarded it to the proper department. The judgment entry was then mailed to ATT on June 21, 2000, and again, the employees did not forward this entry to the proper department. The proper department received notice of the judgment after receiving an October 27, 2000 letter from WFMJ's attorney. They responded on February 7, 2001, seeking vacation of the judgment.
Hence, the motion was filed almost ten months after service of summons, over seven months after the default judgment was mailed, and over three months from the date that the proper department allegedly first received notice. ATT uses the three-month time period to support its argument that it filed the motion within a reasonable time. ATT states that during these three months, it was researching the factual background of the dispute and looking for the complaint, which it never found.
Although the one-year maximum time limit for seeking relief begins to run from the date the default is entered, courts tend to evaluate a reasonable time by viewing both the date of the default judgment and the date that the defendant received actual notice of the default. Waiting more than three months from the date of notice in October in a case where the default had been entered in June could be considered unreasonable. Yet, other appellate courts have upheld court decisions finding similar time lapses reasonable. Moreover, even using the seven months from the date of default, this is within the one-year maximum, and the trial court could find this reasonable under its discretionary decision-making power. Hence, we refuse to hold that the trial court abused its discretion in determining that the motion for relief was timely filed.
 MERITORIOUS DEFENSE
As aforementioned, a movant also has the burden to allege that a meritorious defense can be presented if relief is granted. GTE,47 Ohio St.2d at 150. The movant need not prove he will prevail on the defense but must allege a defense that if proved, would defeat plaintiff's claims. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20
(finding that the movant sufficiently alleged a meritorious defense where the answer attached to his motion alleged, inter alia, that the promissory note is unenforceable due to fraud, want of consideration and violation of the Ohio Consumer Sales Practices Act). Here, WFMJ concedes that ATT sufficiently alleged a meritorious defense to the breach of contract claim by stating that WFMJ never canceled the contract until January 2000. However, WFMJ states that ATT did not allege a defense to the unjust enrichment claim.
In its motion for relief, ATT's defense was that WFMJ did not cancel the contract until January 2000. ATT attached its proposed answer to the motion, and this answer sets forth the defenses of statute of limitations, laches, estoppel and failure to state a claim upon which relief can be granted. This answer also states that ATT knew that the purpose of the contract was to access the data line from the airport but it did not know what data WFMJ wished to pull from the data line. The answer also denied knowledge that the weather bureau closed in June 1994. These items constitute a sufficient meritorious defense to WFMJ's allegation of unjust enrichment, especially where that allegation in the complaint merely incorporates all allegations from the breach of contract claim and then states ATT was unjustly enriched. Additionally, after WFMJ responded to ATT's motion for relief, ATT replied by adding the defenses of an FCC Tariff which requires ATT customers to present disputes to ATT within six months and a federal law which places a two year statute of limitations on overcharge claims. ATT also explained that its only obligation was to provide access to the data line, which it did. Further, AtT contended that the fact that WFMJ may have chosen not to use the data line is not unjust enrichment. For the foregoing reasons, we hold that ATT sufficiently alleged operative facts to demonstrate multiple meritorious defenses.
 EXCUSABLE NEGLECT
As the Supreme Court has stated, the concept of excusable neglect is an elusive one that is difficult to apply and define. Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18, 20. Thus, the Court attempts to define it in the negative by saying that neglect is not excusable if it represents complete disregard for the judicial system. Id. The reviewing court must take into consideration all surrounding facts and circumstances.
WFMJ recites the dates involved in the timeliness evaluation and concludes that the repeated failure to respond constitutes a complete disregard for the judicial system and the rights of WFMJ. WFMJ also compares this case to GTE where the Court found a complete disregard for the judicial system when the defendant knew about the complaint but failed to answer until a week after an attachment of funds was entered.GTE, 47 Ohio St.2d 146 (where the defendant alleged that his attorney advised him not to worry). ATT seeks to distinguish GTE by stating that the defendant in GTE knew about the complaint and never followed up on it, but the proper department at ATT did not know about the complaint. ATT also cites appellate cases in support of its proposition that excusable neglect exists where there is service upon a company but an employee fails to forward the complaint to the proper department.
In Sycamore Messenger, Inc. v. Cattle Barons, Inc. (1986),31 Ohio App.3d 196, the First Appellate District upheld the finding of excusable neglect where a corporate officer's affidavit stated that a bookkeeper failed to forward the complaint to the appropriate person. InHopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578, the Fourth Appellate District upheld the trial court's finding of excusable neglect where service was properly made on a corporation but a corporate employee failed to forward the summons and complaint to the appropriate person. In that case, the president of the company submitted an affidavit stating that neither he nor the general manager received the summons until three days after they fired an employee who continually failed to follow-up on jobs assigned to him. In Perry v. General Motors Corp. (1996),113 Ohio App.3d 318, the Tenth Appellate District agreed with the principle set forth in Hopkins, that relief from default may be granted on the basis of excusable neglect when service is properly obtained on the corporation but an employee fails to properly forward the complaint. The court addressed the concerns that its holding would give corporations an automatic tool to vacate default judgments by stating that this argument is persuasive only when there are no affidavits to demonstrate that the complaint never reached the appropriate party. See, also, EnhancedSyst., Inc v. CBM Computer Ctr. (July 20, 1989), 8th Dist. No. 56978.
WFMJ tends to agree with the dissent in Sycamore, which pointed out that the only reason for failing to answer was that the bookkeeper did not process the complaint properly. Sycamore, 31 Ohio App.3d at 198
(Black, J., dissenting). The dissent opined that this failure was not excusable, stating, "Inefficient, improper or negligent internal procedures in an organization cannot comprise excusable neglect; they cannot, ipso facto, permit the vacation of default judgment." Id. This court prefers to follow the majority opinions of the above-cited districts. Here, the complaint was sent to the billing department. ATT submitted an affidavit from the billing supervisor who states that she is to receive the rare legal correspondence sent to her department and that she never received the present correspondence.
Moreover, the Supreme Court has advised, albeit cautiously, that where a meritorious defense is presented in a timely manner, any doubt on the categorization of neglect should be resolved in favor of the motion to set aside the judgment so that cases can be decided on their merits.GTE, 47 Ohio St.2d at 151 (interpreted by appellant as meaning: the more merit to the defense, the more neglect that will be permitted). As aforementioned, Civ.R. 60(B) is a remedial rule to facilitate the premise that cases should be resolved on their merits where possible. The trend appears to lean toward finding that the trial court did not abuse its discretion on its decision to find excusable neglect. See, e.g., Kay,76 Ohio St.3d at 20-21. There is no bright-line test for determining whether neglect is excusable or inexcusable.
We do admit that the case before us teeters on the verge of inexcusable neglect unreasonably accepted by the trial court due to what appears to be cumulative neglect. However, regardless of whether we would have made the same decision, we defer to the trial court, and thus, decline to say that the decision breaches that line. For all of the foregoing reasons, this court hereby determines that the trial court did not act unreasonably in finding excusable neglect.
 EVIDENTIARY HEARING
WFMJ contends that although the court can summarily deny a motion for relief from judgment where the motion does not set forth sufficient operative facts, if the motion contains sufficient operative facts, then the court must hold a hearing to verify or discredit the facts. ATT responds by citing Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, which held that a court does not abuse its discretion in granting relief where the record has sufficient evidence of excusable neglect, timeliness, and a meritorious defense.
In Doddridge, the Court held that it would not further the interests of justice to require a hearing where the motion sufficiently alleged a valid Civ.R. 60(B)(1) claim. Id. at 14 (where the defendant had no notice of the suit since he had moved prior to service). The Court has also clearly stated that a hearing is not required where the motion and attached evidentiary material fail to allege sufficient operative facts which would warrant relief. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151. Finally, the Court held that if the motion contains sufficient allegations of operative facts in support of all three factors, the court "should grant a hearing to take evidence and verify facts before it rules on the motion." Id., citing Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 19.
It appears that WFMJ interprets this as requiring a hearing if the motion has sufficient allegations and the court is going to grant the motion. Kay is distinguishable from this case in that the trial court inKay denied the motion for relief even though the defendant had made the proper allegations. Moreover, the use of the word "should" is ambiguous, and the use of the word "grant" implies that a hearing was requested. Additionally, after setting forth the above rule, the Kay court stated, "Moreover, under the facts of this case, since grounds for relief from judgment appear on the fact of the record, the court should have granted the Civ.R. 60(B) motion as a matter of law." Hence, the Court granted relief itself without remanding for a hearing.
It seems that the correct interpretation of case law surrounding the need for a hearing on a Civ.R. 60(B) motion is as follows. The court can deny relief from judgment without a hearing if the motion fails to even allege sufficient operative facts. The court must hold a hearing where sufficient operative facts are alleged but are not believed by the court or are disputed by the other party. Hence, a hearing was only required where the court granted relief if: the facts alleged support relief if believed and the plaintiff disputed the veracity of the facts alleged. The rationale behind this interpretation is that a court can apply law to facts without the need for a hearing; this is done as a matter of law. However, when facts are disputed by the parties or suspected by the court, the court must hold a hearing to evaluate credibility and weight.
In this case, it was not the facts that were in dispute. Rather, the dispute was over the application of the law to the alleged facts. As such, a hearing was not required prior to determining that the three elements of GTE were satisfied and that relief from default judgment was warranted.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., and DeGenaro, J., concur.