{¶ 18} I respectfully dissent because I believe that the trial court abused its discretion by unreasonably denying Poulos's Civ.R. 60(B)(1) motion for relief from judgment.
{¶ 19} Poulos agues that he was entitled to relief under Civ.R. 60(B)(1) because, unknown to Poulos, Miller's depression had prevented him from adequately representing Poulos with professional competence. Poulos contends that Miller's depression constituted excusable neglect. Civ.R. 60(B)(1) is a remedial rule that must be liberally construed in order to effectuate just results. See Miami System Corp. v. Dry CleaningComputer Systems, Inc. (1993), 90 Ohio App.3d 181, 628 N.E.2d 122; RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564.
{¶ 20} Poulos had the burden to set forth a prima facie case of excusable neglect, showing that justice would be served by vacating the judgment. See id. Whether neglect is excusable depends upon the facts and circumstances of each case. See Hopkins v. Quality Chevrolet, Inc.
(1992), 79 Ohio App.3d 578, 607 N.E.2d 914. In Kay v. Marc Glassman,Inc., 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102, the Ohio Supreme Court stated that "we have previously defined `excusable neglect' in the negative and have stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" The quantum of evidence necessary to establish excusable neglect depends upon all the surrounding facts and circumstances. See Childs v. Kelley (Jan. 23, 1991), 1st Dist. No. C-890468; Miami System Corp. v. Dry Cleaning Computer Systems, Inc., supra. Any doubt should be resolved in favor of the motion for relief from judgment "so that causes may be determined on their merits."Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 371 N.E.2d 214; see GTEAutomatic Electric v. ARC Industries, supra.
{¶ 21} "Many cases which have found excusable neglect have recognized special or unusual circumstances that justified the neglect of the attorney." Ruble v. Republic Natl Mortgage (Sept. 22, 2000), 6th Dist. No. L-00-1019, citing Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 706 N.E.2d 825; see Stuller v. Price, 10th Dist. Nos. 02AP- 29 and 02AP-267, 2003-Ohio-583. "Severe depression and emotional strain may support a ground for relief under Civ.R. 60(B)(1) excusable neglect." In re Wood (Aug. 12, 1997), 10th Dist No. 97APE01-77, citing Brenner v. Shore (1973), 34 Ohio App.2d 209,297 N.E.2d 550.
{¶ 22} Poulos submitted Miller's uncontroverted affidavit detailing his depression, the professional treatment he had received, the drugs he was taking, and the impact of his condition on his ability to represent Poulos. The letter from Miller's treating psychiatrist corroborated Miller's affidavit as to the time period involved, the treatment, the drugs and the symptoms of his illness. According to Miller's uncontroverted affidavit, he himself was unaware of the impact of his illness on Poulos's case. Poulos was completely unaware of Miller's condition or of its impact on his case. Clearly the inaction of Poulos, through Miller, cannot be deemed a "complete disregard for the judicial system," where Miller was mentally and physically incapacitated by severe illness unknown to Poulos.
{¶ 23} I would hold that Poulos submitted sufficient operative facts to show excusable neglect due to Miller's illness. I would further hold that the interests of justice required the trial court to grant Poulos's motion, and that the court's refusal to do so was so unreasonable as to constitute an abuse of discretion.
{¶ 24} I find the case of Golden v. Spring Hill Assocs. (C.A.6, 1993), 992 F.2d 1216, to be distinguishable because in Golden no evidence was submitted other than the affidavits of the Goldens and their counsel to substantiate the claimed illness of counsel. Poulos presented a letter from Miller's treating psychiatrist corroborating his claim that he was suffering from depression and setting forth the symptoms of his illness.
{¶ 25} Poulos also argues that the trial court erred in determining that his Civ.R. 60(B) motion was not filed within a reasonable time. The trial court found that the motion was untimely because it was filed "some five months" after Miller became aware of the dismissal of Poulos's complaint.
{¶ 26} A Civ.R. 60(B)(1) motion must be brought within one year after the entry of judgment. See GTE Automatic Electric, Inc. v. ARCIndustries, supra. "A party seeking relief from judgment within one year of the judgment entry is still subject to the `reasonable time' provision." Childs v. Kelley, supra.
{¶ 27} Miller's affidavit stated that in "early May of 2001" he became aware that Poulos's complaint had been dismissed. Poulos's Civ.R. 60(B) motion was filed on October 5, 2001, approximately five months later. Miller stated in his affidavit that due to his illness he was no longer practicing law and that he was continuing treatment for depression. Miller also stated that he hired Poulos's present counsel to file the motion for relief from judgment. Under these circumstances, five months was not unreasonable. See Sycamore Messenger, Inc. v. CattleBarons, Inc. (1986), 31 Ohio App.3d 196, 509 N.E.2d 977 (holding that four and one-half months between the entry of default judgment and the filing of the motion for relief from judgment was not unreasonable);Oberle v. Valihora Motor Transporation, Inc. (June 5, 1985), 1st Dist No. C-840549 (holding that four and one-half months between the entry of default judgment and the filing of the motion for relief from judgment was reasonable.) I would hold that, under the circumstances, five months was a reasonable time in which to file the Civ.R. 60(B) motion, and that the trial court's decision finding otherwise was unreasonable.
{¶ 28} I would sustain the assignment of error and reverse the judgment of the trial court.