EADS, APPELLANT, *v.*
SPRING ET AL., APPELLEES.

(No. E-86-64—Decided
September 11, 1987.)

*D. Jeffery Rengel,* for appellant.
*Arthur W. Zeiher,* for appellees.

HANDWORK, P.J. This is an appeal from the Erie County Court of Common Pleas. The parties presented their oral arguments to this court on June 1, 1987. We now, *sua sponte,* raise the question of whether this appeal is properly before us for determination on the merits.

I

The pertinent facts underlying this appeal can be summarized as follows. On November 7, 1984, plaintiff David L. Eads (hereinafter "appellant") filed a complaint against defendants Larry Spring and Detroit-Pittsburgh Motor Freight, Inc. (hereinafter "appellees"). When appellees failed to answer appellant's complaint, appellant filed a motion for default judgment against each of them. The court granted appellant's motions on March 19, 1985.

On April 12, 1985, appellees moved for relief from judgment. The court granted their motion on February 28, 1986. Appellees then filed their answer and responded to appellant's interrogatories. On August 1, 1986, appellant filed a motion asking the court to indicate the grounds upon which it had granted appellees' motion for relief from judgment. Appellant's motion was entitled "Motion for Grounds upon which Default Judgment is Set

Aside Pursuant to O.R.C. 2505.02." Appellant stated that he desired the court to indicate these grounds on the record for purpose of his appeal. On October 24, 1986, the court rendered a judgment entry granting appellant's motion and setting forth its reasons for relieving appellees from judgment. In so doing, the court addressed each requirement of the three-part test set forth by the Supreme Court of Ohio in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, paragraph two of the syllabus. On November 19, 1986, appellant filed his notice of appeal from said entry.

## II

On appeal, appellant characterizes the October 24 entry as the court's "findings of fact and conclusions of law." Appellant offers this entry in conjunction with the court's February 28 order granting appellees' motion for relief from judgment as the order from which he appeals. For the reasons that follow, we hold that the October 24 entry is not an order from which appellant can appeal and that appellant's appeal from the February 28 order is untimely.

### A

We first direct our attention to the court's October 24 entry. We find that the entry does give the appearance of attempting to satisfy the purpose of Civ. R. 52: "* * * to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment." *Werden* v. *Crawford* (1982), 70 Ohio St. 2d 122, 124, 24 O.O. 3d 196, 197, 435 N.E. 2d 424, 425-426. But, we find that said attempt was a failed attempt. This is for the reason that the court, with the one exception of the finding that appellees' attorney was ill, does not state the findings of fact upon which it drew its conclusions of law. We believe that this entry is so deficient of facts that it would be of no assistance to us in determining whether or not the court erred by granting appellees' motion for relief from judgment. Cf. *In re Schoeppner* (1976), 46 Ohio St. 2d 21, 23, 75 O.O. 2d 12, 13, 345 N.E. 2d 608, 609-610 ("* * * [T]his document sufficiently complies with the mandate of Civ. R. 52, and, when combined with other parts of the record, forms an adequate base upon which to decide the narrow legal issue presented."). In our opinion, the court did little more than state the three-part test of the *GTE Automatic Electric* case. These bare legal conclusions are implicit in every granting of a motion for relief from judgment because each part of the three-part test must be met. *GTE Automatic Electric* v. *ARC Industries, supra,* at 151, 1 O.O. 3d at 89, 351 N.E. 2d at 116. We hold that such an entry does not constitute findings of fact and conclusions of law within the meaning of Civ. R. 52. We further hold that such an entry is not a final order within the meaning of R.C. 2505.02 and, therefore, cannot be appealed.

Even if we were to construe appellant's August 1 motion as a request for findings of fact and conclusions of law, said request would have been untimely by over four months. See Civ. R. 52. Accordingly, appellant's request would not have been properly before the court. In this regard, we note that if appellant had made a timely request for findings of fact and conclusions of law from the court's order granting appellees' motion for relief from judgment, then the court would have had the *discretion* to either grant it and issue findings of fact and conclusions of law, or to deny it. Cf. *State, ex rel. Brody,* v. *Peltier* (1985), 27 Ohio App. 3d 20, 23, 27 OBR 21, 24, 499 N.E. 2d 910, 913 (A trial court has the discretion under Civ. R. 52 to issue findings

of fact and conclusions of law from an order granting a Civ. R. 12[C] motion for judgment on the pleadings.).

### B

We now turn our attention to the court's February 28 order granting appellees' motion for relief from judgment. This, essentially, is the order which appellant seeks to have reviewed. In order for appellant to vest this court with jurisdiction to hear his appeal, he had to file his notice of appeal from said order within thirty days after the court rendered it. See App. R. 4(A). This is for the reason that the order granting appellees' motion for relief from default judgment was a final order within the meaning of R.C. 2505.02. *GTE Automatic Electric* v. *ARC Industries, supra,* paragraph one of the syllabus; *Bates & Springer, Inc.* v. *Stallworth* (1978), 56 Ohio App. 2d 223, 230, 10 O.O. 3d 227, 231, 382 N.E. 2d 1179, 1185. We hold that appellant's appeal is untimely.

### III

On consideration whereof, this court orders that the instant appeal be dismissed, at appellant's costs.

*Appeal dismissed.*

GLASSER, J., concurs.

RESNICK, J., concurs separately.

RESNICK, J., concurring. I concur in the majority's finding that this appeal should be dismissed. I, however, write separately to stress that under Civ. R. 52, findings of fact and conclusions of law are required only when the court acts as fact finder.

The court in *Paramount Supply Co.* v. *Sherlin Corp.* (1984), 16 Ohio App. 3d 176, 16 OBR 186, 475 N.E. 2d 197, made this point very clear. While *Paramount, supra,* deals with sum-

mary judgment, the same reasoning would apply to the granting of a motion for relief from judgment. Judge Richard Markus writing for the majority stated:

"Defendants next contend that they were entitled to findings of fact and conclusions of law for summary judgment rulings. Civ. R. 52 provides in part:

" 'Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to * * * Rule 56 [summary judgment].'

"The court makes no factual findings when it grants a summary judgment motion beyond its legal conclusion that no genuine issue of material fact precludes judgment. When a trial court does not assume the role of fact finder it has no duty to issue findings of fact under Civ. R. 52. Cf. *DeHart* v. *Aetna Life Ins.* (July 15, 1982), Cuyahoga App. No. 42932, unreported." *Id.* at 180, 16 OBR at 190, 475 N.E. 2d at 202.

Since the trial court was not acting as fact finder when the default judgment was set aside, a request for findings of fact was inappropriate. The appeal time properly ran from the February 28, 1986 judgment.