HOPKINS et al., Appellants,

v.

QUALITY CHEVROLET, INC., Appellee.

[Cite as *Hopkins v. Quality Chevrolet, Inc.* (1992), 79 Ohio App.3d 578.]

Court of Appeals of Ohio,
Ross County.

No. 1772.

Decided May 18, 1992.

*Moore, Corzine & Bunch Co., L.P.A.,* and *William J. Corzine III,* for appellants.

*Fry & Waller Co., L.P.A., Barry A. Waller* and *Bryan L. Jeffries,* for appellee.

———————

STEPHENSON, Presiding Judge.

This is an appeal from a judgment entered by the Ross County Court of Common Pleas granting relief from a previous default judgment entered in favor of Kenneth E. Hopkins and Joan C. Hopkins, plaintiffs below and appellants herein ("appellants"), on their claim against Quality Chevrolet, Inc., defendant below and appellee herein ("appellee"). Appellants assign the following error for our review:

"The court below abused its discretion in granting appellee's Motion for Relief From Judgment, pursuant to Ohio Civil Rule 60."

The record reveals the following facts pertinent to this appeal. Appellants commenced the action below on August 30, 1990, seeking damages for alleged fraud, breach of warranty and violation of the Ohio Consumer Sales Practices Act relative to their purchase of a 1987 Ford van from appellee. Although service of process was completed by certified mail, appellee filed no answer or other responsive pleading to the averments in the complaint. On October 12, 1990, a default judgment was entered against appellee and, thereafter, an evidentiary hearing was held on the issue of damages. On December 13, 1990, a final judgment awarding damages was entered on appellants' claims.

Appellee filed its motion for relief from judgment on January 7, 1991, arguing that it had a meritorious defense to appellants' claims and that its failure to file an answer was the result of inadvertence or excusable neglect, thereby warranting relief under Civ.R. 60(B)(1). Several affidavits attached to appellee's motion set forth specific facts in support of these arguments. Appellants filed a memorandum contra arguing, in essence, that appellee had failed to make a sufficient showing of excusable neglect to justify vacating the judgment. On March 11, 1991, the trial court entered its judgment sustaining the motion and granting relief from the judgment previously journalized on December 13, 1990. This appeal followed.[1]

———————

1. Although the trial court's order granting relief from judgment clears the way for additional proceedings in this case, it is nevertheless well settled that an order vacating a judgment is a "final order" for purposes of R.C. 2505.02 such that this court has jurisdiction to consider the matter. See *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph one of the syllabus; see, also, *Natl. City Bank v. Reat*

■ In order to obtain relief from judgment, a party must demonstrate that he is entitled to relief under one of those grounds stated in Civ.R. 60(B)(1) through (5); that he has a meritorious defense or claim to present if relief is granted; and that the motion is made within a reasonable time which, for those grounds set forth in Civ.R. 60(B)(1) through (3), means not more than one year after judgment was entered. *Argo Plastic Prod. Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 15 OBR 505, 507, 474 N.E.2d 328, 330; *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 406, 453 N.E.2d 648, 651; *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567; *Argo Plastic Prod., supra,* 15 Ohio St.3d at 391, 15 OBR at 507, 474 N.E.2d at 330.

In their brief, appellants concede that the latter two requirements necessary to obtain relief from judgment were adequately shown by appellee. However, appellants argue that appellee failed to demonstrate that it was entitled to relief under one of those grounds set forth in Civ.R. 60(B)(1) through (5). Thus, appellants conclude, the trial court erred in granting relief.

■ Initially, we note that a motion for relief from judgment is directed to the sound discretion of the trial court and that court's ruling cannot be disturbed absent a showing of an abuse of that discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1124. An abuse of discretion connotes more than an error of law or judgment, it implies an attitude which is unreasonable, arbitrary or unconscionable. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624; *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205; *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855, paragraph two of the syllabus. After a thorough review of the record, we are not persuaded that the trial court abused its discretion.

■ The gravamen of appellee's argument in its motion for relief from judgment, and in its brief on appeal, was that the failure to file an answer in the case below occurred as a result of "excusable neglect" as provided for under Civ.R. 60(B)(1). In support of this position, the affidavit of Richard P. Nourse, President of appellee, was attached to the motion. Nourse attested that, in the ordinary course of appellee's business, all legal matters were to be referred to the General Manager, David Hendrix, or to himself. The affidavit

---

*Corp.* (1989), 64 Ohio App.3d 212, 216, 580 N.E.2d 1147, 1149; *Eads v. Spring* (1987), 39 Ohio App.3d 121, 123, 529 N.E.2d 1280, 1282.

further set forth that the summons and complaint, previously served on appellee, had not been placed on his desk until December 17, 1990, and that neither he, nor Hendrix, were aware that the action was pending before that date.[2] Finally, Nourse attested that he had "reason to believe" that a specific former employee had failed to forward the summons and complaint to his supervisor so that the appropriate steps could be taken. This particular employee had been dismissed on December 14, 1990, for, among other reasons, failing "to thoroughly follow up on jobs assigned to him." On the basis of these sworn statements, the trial court found that appellee had made a sufficient demonstration of "excusable neglect."

The concept of "excusable neglect" must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed. See *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609; *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 12, 7 O.O.3d 5, 7, 371 N.E.2d 214, 217. There is no bright-line test to determine whether a party's neglect was excusable or inexcusable. Rather a determination of excusable neglect will turn on the facts and circumstances presented in each case. *Colley, supra,* at 249, 18 O.O.3d at 446, 416 N.E.2d at 609. Given the attestations in the affidavit of Nourse, we are persuaded that the court below could reasonably conclude that appellee's inaction was a result of "excusable neglect."

This holding is consistent with the principle that relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person. See *Sycamore Messenger, Inc. v. Cattle Barons, Inc.* (1986), 31 Ohio App.3d 196, 197, 31 OBR 423, 425, 509 N.E.2d 977, 979; *Enhanced Systems, Inc. v. CBM Computer Ctr.* (July 20, 1989), Cuyahoga App. No. 56978, unreported, 1989 WL 80994. Appellants urge us to reject the holding in these cases and argue that to allow relief from judgment on the basis that a complaint never reached the proper party in charge of legal matters would provide a ready excuse for any corporate party which, for any reason, seeks to vacate a default judgment. This, appellants conclude, would undermine the judicial process and the finality of judgments. We are not persuaded.

Similar concerns were outlined in a dissenting opinion to the *Sycamore Messenger* case. See *Sycamore Messenger, Inc., supra,* 31 Ohio App.3d at 198, 31 OBR at 426, 509 N.E.2d at 980 (Black, J., dissenting). However, the

---

**2.** Thus, Nourse and Hendrix would not have seen the summons and complaint until four days after the final judgment had already been entered on December 13, 1990.

sham use of this exception will be significantly reduced by requiring sworn affidavits with facts sufficient to demonstrate that the summons and complaint never reached the appropriate person in the corporate hierarchy. As opined by the Butler County Court of Appeals in *Ketterer v. Cincinnati Gas & Elec. Co.* (Aug. 20, 1990), Butler App. No. CA90–02–040, unreported, 1990 WL 120064, the dissent in *Sycamore Messenger* is more persuasive where there is no evidence or sworn affidavits to support the claim that excusable neglect or inadvertent mistake was behind the failure to answer. In the cause *sub judice*, appellee submitted sworn affidavits to establish those facts argued in its motion. Furthermore, appellee took action to seek relief from judgment within a few short weeks after discovering the existence of the lower court proceedings and, at the evidentiary hearing below, appellants presented nothing to refute those affidavits in support of the motion. In short, we hold that the trial court correctly applied the principles set forth in the *Sycamore Messenger* case.

 Appellants also contend that the affidavits themselves were insufficient to provide a factual basis for finding excusable neglect below.[3] We disagree. As stated previously, the affidavit by Nourse sets forth that all legal matters are to be referred to either Hendrix or himself. Furthermore, the summons and complaint were not forwarded to anybody until December 17, 1990, when they were placed on the president's desk. It is not essential that the specific identity of the person responsible for the mishap be revealed. Rather, it is sufficient to show (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant.

In the cause *sub judice*, Nourse's affidavit shows that neither he, nor Hendrix, the appropriate parties for dealing with legal matters, were even aware of the proceedings below until after the default judgment had been entered. We agree with appellants' contention that it would have been more appropriate for Hendrix to have submitted his own affidavit to that effect. Nevertheless, we hold that such defect was not fatal to appellee's motion in that the affidavit by Nourse still set forth sufficient facts to show that corporate procedure had, inadvertently, not been followed.

It bears mentioning that a general tenet of Ohio jurisprudence is that cases should be decided on their merits whenever possible. See *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 257, 454 N.E.2d 951, 952; *Peterson v.*

---

**3.** The affidavit of Barry A. Waller, attorney at law and counsel for appellee, was also submitted in support of the motion for relief from judgment.

*Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269–270, 297 N.E.2d 113, 122. For these reasons, we are not persuaded that the trial court's granting of relief from the previous default judgment was unreasonable, arbitrary or unconscionable. Appellants' assignment of error is, accordingly, overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GREY and HARSHA, JJ., concur.