JOURNAL ENTRY AND OPINION
Defendant-appellant Maria E. Porath n.k.a. Silver (appellant) appeals from the denial of her Civ.R. 60(B) motion for relief from judgment.
Appellant assigns the following error for review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
The appeal lacks merit. The judgment of the trial court is affirmed.
 I.
Appellant and Franklin Porath divorced on January 14, 1992. Pursuant to the parties' settlement agreement, appellant was to pay ninety-nine thousand dollars ($99,000) to pay-off an equity line within twelve months. Franklin Porath agreed to make payments of eight hundred thirty-two dollars ($832) toward the equity line of credit for twelve months. Neither party complied with these provisions of their divorce decree or with some of the other sections of the separation agreement. Both appellant and Franklin Porath filed various motions as their dispute continued through the years. Some of those motions were to repudiate the agreement, to show cause, to escrow spousal support payments, for attorneys fees, and for the appointment of a receiver for the couple's business, which was awarded to appellant in the divorce decree.
On June 24, 1993, the parties agreed that Franklin Porath would receive a judgment against appellant for ninety-nine thousand dollars ($99,000). Appellant was to pay three percent interest unless the principal was not paid within one hundred eighty (180) days. At that point, appellant would pay five percent interest per annum. Appellant did not pay any amount toward the satisfaction of the judgment. More motions to show cause and for attorney fees were filed against appellant. Appellant filed a Civ.R. 60(B)(5) motion for relief from judgment, disputing the amount she should be obligated to repay on the line of equity. The trial court denied the motion. Appellant made payments toward the equity line on April 23, 1995, and June 15, 1995. The balance was paid in full on October 27, 1995.
On December 17, 1996, Franklin Porath filed a motion for summary judgment asking to be awarded the interest appellant had agreed to pay on June 24, 1993. The trial court granted the motion on April 18, 1997. The trial court held appellant in contempt for not complying with the court order of June 24, 1993, and ordered appellant to pay nine thousand eight hundred sixty-seven dollars and two cents ($9,867.02), representing the interest she owed to Franklin Porath. The trial court then set off two thousand five hundred and six dollars ($2,506.00) Franklin Porath owed to appellant, ordering appellant to pay the balance of seven thousand three hundred sixty-one dollars and two cents ($7,361.02). On May 1, 1997, Franklin Porath filed an affidavit of non-payment, asking the trial court to issue a capias for appellant's arrest because he did not receive any payment for the interest. The Certificate of Service reflects that a copy of the affidavit was mailed directly to appellant at her place of business. The trial court complied and issued the capias on May 12, 1997. On May 14, 1997, appellant's attorney appeared in court and agreed that appellant would pay one thousand dollars ($1,000) on the fifteenth of each month until the judgment was satisfied. Four payments were made in May, June, July, and August of 1997. When the September payment was not paid, Franklin Porath filed another affidavit of nonpayment and requested that a capias be issued.
In response, appellant filed a motion to interplead funds into the court and to return the capias without execution on October 8, 1997. In her motions, appellant claimed to have been unaware of the summary judgment against her ordering her to pay one thousand dollars ($1,000) each month to Franklin Porath. In her affidavit, appellant averred that her former attorney had become unavailable to her for unknown reasons, causing her to fail to respond to the summary judgment motion. The trial court granted appellant's motions.
On February 26, 1998, appellant filed a Civ.R. 60(B) motion for relief from judgment. In the motion, appellant asked for relief from the summary judgment. Appellant claimed she was unaware of the motion, although it was served upon her attorney. Appellant averred that her attorney suffered from emotional and mental conditions which made it impossible for him to practice law by adequately responding to the motion. Appellant stated, as a defense, that the summary judgment motion improperly asked the trial court to award interest upon interest.
On September 18, 1998, a hearing was held before a magistrate on the matter. Appellant testified that she engaged the attorney in March of 1992 to represent her in certain business matters. Eventually, the attorney also began to handle the continuing domestic dispute with Franklin Porath. Appellant stated that the attorney never communicated with her about the summary judgment motion. Appellant averred she did not give her attorney permission to enter into the journal entry disposing of the summary judgment motion. Appellant thought she received the capias in June of 1997. At first, appellant could not locate her attorney even though appellant's office and that of her attorney were located in the same building. Appellant finally contacted her attorney who told her not to worry about the capias.
Appellant admitted receiving a request for admissions on November 5, 1996. Appellant stated she mailed her responses to the admissions to Franklin Porath's attorney. Franklin Porath's summary judgment motion was based, in part, on appellant's failure to respond to his request for admissions.
Appellant's attorney testified that he has suffered from depression for some time. He was hospitalized in 1995 after attempting suicide following a nervous breakdown. The attorney stated that he discussed his illness with appellant following this hospitalization. The attorney testified appellant was aware he was not at his office during this period. Appellant admitted she knew by January of 1996 the attorney had been hospitalized because of the nervous breakdown and depression. Appellant continued to employ the attorney after becoming aware of his condition.
In 1997, the attorney again was hospitalized for major depression. He did not tell his clients about the continuing problem with depression. The attorney opined that his failure to respond to the summary judgment motion and later agreement to the entry of judgment against appellant was due to his depression. The attorney made four of the one thousand dollar ($1,000) payments but was financially unable to continue to do so. He did not tell appellant that the trial court entered judgment against her for the interest payments.
The magistrate issued its decision recommending the Civ.R. 60(B) motion be denied. The magistrate noted appellant had not specified under which ground of Civ.R. 60(B) her motion was brought but seemed to be arguing excusable neglect. The magistrate correctly observed that the neglect of a party's attorney is imputed to the party for the purposes of Civ.R. 60(B)(1). The magistrate concluded appellant was not entitled to relief under any of the grounds set forth in Civ.R. 60(B). The magistrate further found that the motion was not timely. The magistrate stated appellant knew at least by November 26, 1997, that her attorney was hospitalized and had abandoned his practice. The magistrate noted appellant may have known a month earlier about her attorney's depression when her motion to interplead funds was filed. Appellant did not file her Civ.R. 60(B) motion until February 26, 1998.
Appellant filed objections to the magistrate's report pursuant to Civ.R. 53(E)(4)(c). The trial court overruled appellant's objections and adopted the magistrate's decision in full.
 II.
In her sole assignment of error, appellant contends she is entitled to Civ.R. 60(B) relief from judgment because of her attorney's depression which prevented him from adequately representing her. Appellant argues that the severe depression suffered by her attorney resulted in him agreeing to the judgment being entered against her without her knowledge or consent. Appellant states the depression rendered her attorney incapable of practicing law due to incompetency.
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.
A movant for relief from judgment under Civ.R. 60(B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. See also Strack v. Pelton (1994),70 Ohio St.3d 172, 174. The motion should be denied if the movant fails to meet all three of the GTE requirements. Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351. The burden is on the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. A ruling on a motion for relief from judgment is left to the sound discretion of the trial court. The trial court's decision will not be overturned on appeal absent an abuse of that discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77.
Appellant's appeal is based upon the premise that the major depression suffered by her attorney constituted excusable neglect. No bright line test exists which determines whether excusable neglect is present under the facts and circumstances of a case.Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578. Although excusable neglect must be considered with the admonition that Civ.R. 60(B) is a remedial rule which will be liberally construed and that it is best to decide cases on their merits, excusable neglect does not permit ignoring the judicial system.D.G.M., Inc. v. Cremeans Concrete Supply Co., Inc. (1996),111 Ohio App.3d 134. Excusable neglect is difficult to define or apply but has been defined in the negative by courts when a defendant exhibits a complete disregard for the judicial system. Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18.
Appellant never identified under which provision of Civ.R. 60(B) she is claiming relief. Franklin Porath raised the point more than once below yet appellant did not respond. The failure to identify which ground for relief is applicable is fatal to a Civ.R. 60(B) motion because the second prong of GTE is not satisfied. Inre Tucker (April 20, 2000), Cuyahoga App. No. 76630, unreported.
Appellant's argument regarding excusable neglect also is inadequate under Civ.R. 60(B). Appellant knew her attorney was hospitalized for depression and a nervous breakdown in 1995. She chose to continue using his services. Appellant knew she was obligated to pay interest on the ninety-nine thousand dollars ($99,000) pursuant to the agreement of June 24, 1993. Appellant also was aware she did not pay the amount in the time-frame agreed upon and therefore would owe interest on the sum. Further, appellant admitted she received a copy of the request for admissions and stated she responded to the admissions in 1996. Appellant should have been aware more litigation was in the offing, given the parties' litigious relationship. Franklin Porath averred no response was made to his request for admissions. This lack of response was one of the basis for the summary judgment motion.
Appellant had an opportunity to closely observe her attorney and note any extended absences as both had offices in the same building. Appellant certainly must have been aware of a problem when a capias was issued in May of 1997 because of non-payment of the interest. Appellant still did not adequately apprise herself of the status of her on-going dispute with Franklin Porath, even after the capias was issued. At that point, appellant certainly should have made detailed inquiries regarding the status of her case from her attorney. Instead, appellant testified she relied upon vague assurances that everything was all right although aware of the attorney's previous severe problems with depression.
The trial court determined that the attorney's behavior did not warrant appellant be relieved of the judgment under Civ.R. 60(B). A review of the record does not reflect that this determination rose to the level of an abuse of discretion.
Appellant's assignment of error is overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM.J. and JAMES D. SWEENEY, J. CONCUR.
 _______________________ LEO M. SPELLACY, JUDGE