OPINION
Although this appeal was originally assigned to the accelerated docket, we have elected to render a full opinion in accordance with Loc.R. 12(5).
This appeal is taken by Plaintiff-Appellant Arrow Builders, Inc., from the judgment entered by the Court of Common Pleas of Marion County granting Defendant Appellee's motion for relief from judgment.
On February 28, 2000, Plaintiff-Appellant Arrow Builders, Inc. (hereinafter "Arrow") filed a complaint in the Court of Common Pleas of Marion County alleging that Defendant-Appellee Roger Delawder had breached an agreement not to compete. On March 8, 2000, service of the complaint was accomplished.
Delawder failed to answer the complaint and on April 19, 2000, at 1:31 p.m. the Common Pleas Court of Marion County entered a default judgment in favor of Arrow ordering Delawder to pay twenty-five thousand dollars ($25,000) in damages plus interest calculated at a rate of ten percent (10%) per annum. Two hours later Delawder filed a motion for leave to file responsive pleadings. Delawder's counsel argued, "He had two (2) Appellate Court Briefs due the week of April 10, 2000, and inadvertently overlooked the deadline for filing responsive pleadings." On April 21, 2000, the trial court denied Delawder's motion as "moot".
On May 3, 2000, Delawder filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), (4) and (5). On May 19, 2000, Arrow filed its motion in opposition to relief from judgment. On August 1, 2000, the trial court granted Delawder's motion for relief from judgment and ordered that the original judgment be vacated. It is in part:
 "* * * After due consideration the court finds that the neglect of defendant's counsel does not exhibit a disregard for the judicial system. The motion for default and judgment were filed only ten days after and [sic] answer was due, and the motion for relief was filed within 2.5 hours of the judgment. "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph three of the syllabus."
On appeal from that judgment entry Arrow presents the following sole assignment of error:
 The trial court abused its discretion when it granted Defendant-Appellee's motion for Relief from Judgment under Civ.R. 60(B) of the Ohio Rules of Civil Procedure.
In its sole assignment of error presented on appeal Arrow claims that the trial court erred by granting relief from judgment pursuant to Civ.R. 60 (B)(1) because Delawder's attorney did not commit "excusable neglect" as required. In fact, Arrow claims that Delawder's attorney committed "inexcusable neglect" that resulted in a complete "disregard of the judicial system" and thus, relief from judgment was not appropriate.
The requirements necessary for a motion seeking relief from judgmenthave been set forth in paragraph two of the syllabus of GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Civ.R. 60(B) provides in pertinent part:
 (B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. * * *
The issue in this appeal from the granting of a Civ.R. 60(B) motion for relief from judgment is whether the trial court abused its discretion.Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66; Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The law does not favor dismissals by default any more than it favorsdefault judgments. "Fairness and justice are best served when a courtdisposes of a case on the merits. Only a flagrant, substantial disregardfor the court rules can justify a dismissal on procedural grounds."Dehart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 193.Therefore, it is a basic tenet of Ohio Jurisprudence that cases should bedecided whenever possible on their merits after giving all parties theirday in court. Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 583 citing Perotti v. Ferguson (1983), 7 Ohio St.3d 1,3; Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175.
Neither parties to the appeal disputes and the record indeed supports the determination that the Defendant-Appellee has met two parts of theGTE test, to wit, he has presented a meritorious defense and has moved in a timely fashion to seek relief from the default judgment.
The critical issue on this appeal is whether Delawder's explanation forfailure to file an answer within the time limits prescribed the OhioRules of Civil Procedure constitutes "excusable neglect" within themeaning of Civ.R. 60(B)(1). We are guided by the analysis of "excusableneglect" set forth in Colley v. Bazell (1980), 64 Ohio St.2d 243, 248:
 "In our view, the concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" Citing 11 Wright Miller, Federal Practice 
Procedure 140, Section 2851, quoted in Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12.
Once again it must be remembered, that neglect is not "excusable" when it constitutes "a complete disregard for the judicial system and the rights of the appellee." GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, 153, 351 N.E.2d at 117.
The facts of this case lead us to conclude that the trial court did notabuse its discretion in granting Delawder relief from a default judgmentpursuant to Civ.R. 60(B)(1).
As supported by the record and reiterated by the trial court judge, Delawder's attorney had inadvertently overlooked the deadline for filing an answer to Arrow's complaint. As a result and with no knowledge of the default proceedings underway, Delawder's attorney prepared a motion for leave to file responsive pleadings in order to extend the time allotted to answer Arrow's complaint. Later that same day when Delawder filed the motion, the default proceedings had finished. Delawder's motion was filed within two and half hours of the default judgment entry in favor of Arrow. Furthermore, the default proceedings occurred only ten days after Delawder's answer was due. Once again it has been established that "where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any should be resolved in favor of the motion to set aside the judgment so that the cases may be decided on their merits." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph three of the syllabus
Based on the foregoing facts presented on the record and in accordancewith the legal guidelines outlined above, this court cannot say and Arrowfailed to show that the trial court acted in a manner that wasarbitrary, unreasonable, or unconscionable. No abuse of discretion havingbeen shown the judgment of the Court of Common Pleas of Marion County isaffirmed.
WALTERS and SHAW, J.J., concur.