OPINION
On January 4, 1999, appellant, Dorothy Scruggs, filed a complaint against appellees, Value City Furniture, Schottenstein Stores, and the unknown delivery men employed by Value City Furniture, identified as John Doe. In her complaint, appellant alleged that appellees' deliverymen, while delivering furniture to her house on January 9, 1997, "negligently, carelessly, and/or recklessly, knocked items from a wall down a flight of stairs striking [appellant] in the face."
Appellant attempted to perfect service by certified mail, but failed. On February 16, 1999, appellant requested that appellees be served by ordinary mail. On that date, the clerk sent appellees copies of the complaint and summons through ordinary mail, which were not returned. On March 30, 1999, appellees having failed to respond, appellant filed a motion for default judgment. On May 25, 1999, the court held a default hearing and granted appellant judgment in the amount of $75,000. Notice of the default hearing was sent to Value City's main office in Willowick, Ohio, as were all attempts at service. None of Value City's employees admit to receiving any notice or informed appellees' attorney of the default hearing.
On June 2, 1999, appellees filed a motion for relief from judgment and a motion for leave to file an answer. In their motion for relief from judgment, appellees argued that their failure to file an answer was due to excusable neglect, appellant misrepresented her medical expenses, and they had not been properly served with the motion or notice of the default hearing.
As a basis for their claim of excusable neglect, appellees cited a miscommunication in their attorney's office. Robert Gibbons, a representative of appellees' insurer Travelers Property Casualty Corp, investigated her claim and determined that it was unfounded. He unsuccessfully attempted to settle the claim through correspondence with appellant's attorney. Appellant provided Mr. Gibbons with a courtesy copy of the complaint on January 4, 1999. Mr. Gibbons contacted an attorney, Mark Chulick, to represent appellees. Although appellees had a copy of the complaint, Mr. Chulick decided to wait to file an answer until after service was perfected. Mr. Chulcik last checked to see if service had been perfected on February 16, 1999 and determined that it had not been. Mr. Chulick left his employment at Richard Kuepper Associates on February 28, 1999 without filing an answer. Judson Hawkins, of the same firm, took over representation in the case. Mr. Hawkins assumed that an answer had been filed and only realized that one had not been when he was served with a copy of the default judgment entry.
The trial court held a hearing on the motion on November 22, 1999. On November 24, 1999, the trial court sustained appellee's motion and vacated the previous default judgment. In its entry, the court wrote that it found the motion well taken for the following reasons:
 "1. The motion was timely filed June 2, 1999, in response to a default judgment of May 25, 1999.
 "2. Defendants have meritorious defenses with respect to damages and the proximate cause of various of plaintiff's claimed injuries.
 "3. Defendants have grounds for relief pursuant to Civil Rules 60(B)(1) [excusable neglect] due to confusion in the defendants' attorney's office, and between defendants' attorney and insurance company, and 60(B)(3) [misrepresentation] as to claims of damages regarding the clock and nursing services; and the proximate cause for a facelift and TMJ treatment."
Appellant assigns the following as error:
 "That the trial court erred in granting the defendant-appellees motion for relief from judgment of the default judgment granted May 25, 1999."
The requirements imposed upon a party who seeks to have a default judgment vacated include demonstration of a meritorious defense or claim to present if relief is granted, timely action, and a ground for relief under the provisions of Civ.R. 60(B). GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Appellees presented evidence to the trial court that appellant had misrepresented her claims and exaggerated her injuries, satisfying the requirement that it had a meritorious defense. Appellees' motion for relief from judgment was timely, as it was filed seven days after judgment entered. Thus, we must determine whether appellees' conduct constituted excusable neglect.
The inaction of a defendant is not "excusable neglect," for purposes of Civ.R. 60(B)(1), if it can be labeled as a "complete disregard for the judicial system." Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,20, 665 N.E.2d 1102; GTE Automatic Electric, Inc., supra. The Supreme Court of Ohio explained "excusable neglect," in Colley v. Bazell (1980),64 Ohio St.2d 243, 248, 416 N.E.2d 605 as follows::
 "* * * [T]he concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' 11 Wright Miller, Federal Practice Procedure 140, Section 2851, quoted in Doddridge v. Fitzpatrick
(1978), 53 Ohio St.2d 9, 12, 371 N.E.2d 214."
A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is arbitrary, capricious or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
In the case at bar, appellees assert interoffice miscommunications caused by the resignation of an attorney as their cause for excusable neglect. In Magicable, Inc. v. Lynn Telecommunications, Inc. (April 4, 1986), Portage App. No. 1603, unreported, we held that an attorney's failure to file a timely answer because of his reliance upon his mistaken secretary did not amount to the "complete disregard for the judicial system" condemned in GTE. This appeal presents a similar situation. Here, an unique set of circumstances combined to contribute to the failure of appellees to file a timely answer. However, these circumstances could have been overcome had appellees' counsel taken the time to conduct a thorough review of the file rather than merely assume that an answer had been filed. While we certainly do not condone the manner in which appellees' counsel handled this case, we cannot say that the trial court abused its discretion by labeling it "excusable neglect."
Also troubling in the case at bar is the fact that appellees themselves never informed their attorneys that they had been served with appellant's complaint, compounding the miscommunications that occurred in their attorney's office. No evidence was presented to show that appellees' employees took proper action upon receiving the complaint. In Kinter v.Giannaris (Mar. 25, 1994), Geauga App. No. 93-G-1781, we wrote that:
 "The prevailing rule in Ohio on the central issue here is that relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person. Sycamore v. Messenger, Inc. v. Cattle Barons, Inc. (1986), 31 Ohio App.3d 196, syllabus; Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578, 582. We have also recognized this rule in Hughes v. Transohio Savings Bank (Nov. 16, 1990), Portage App. No. 89-P-2055, unreported, at 12-13.
 "In both Sycamore and Hopkins, an employee failed to forward the complaint to the appropriate person. Both courts of appeals upheld the trial court's decision to grant Civ.R. 60(B) relief."
The trial court's determination that the inaction of appellees had not ripened to the point where it could be labeled as a "complete disregard for the judicial system," as condemned in GTE Automatic Electric, supra, at 153, was not arbitrary, capricious or unconscionable. Appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 __________________________ ROBERT A. NADER, JUDGE
FORD, P.J., CHRISTLEY, J., concur.