DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the Glass Garden, appeals from a judgment of the Medina Municipal Court that overruled its objections to a magistrate's decision and entered judgment for appellee David Kemer and ordered appellant to pay damages. We affirm.
 {¶ 2} On April 8, 2005, Kemer filed a complaint against the Glass Garden, which operates a restaurant in Medina. The complaint, with notice of a hearing date, was delivered to the Glass Garden via certified mail. An employee of the Glass Garden signed the certified mail receipt. On May 19, 2005, a hearing was conducted before a magistrate, but no one appeared on behalf of the Glass Garden. Following the hearing, the magistrate recommended that judgment be entered in favor of Kemer for $300 plus interest.
 {¶ 3} The Glass Garden filed timely objections to the magistrate's decision, contending, among other things, that it had not been properly served with the complaint and notice of the hearing. The Glass Garden attached the affidavit of the restaurant manager, who attested that she was the only employee authorized to sign for certified mail and that she had never seen the complaint because it had not been forwarded to her by the employee who signed for it.
 {¶ 4} The trial court reviewed the objections, but found that they did "not raise an issue sufficient to overturn the Magistrate's Decision." Consequently, the trial court overruled the objections, adopted the magistrate's decision, and entered an independent judgment in favor of Kemer and awarded damages of $300. The Glass Garden appeals and raises two assignments of error, which will be addressed jointly for ease of review.
 ASSIGNMENT OF ERROR I
"The trial court erred in upholding the magistrate's decision because the complaint was not brought by the real party interest and such party is not an attorney licensed to practice law in the State of Ohio."
 ASSIGNMENT OF ERROR II
"The trial court erred in upholding the magistrate's decision because service of process upon the corporate defendant was insufficient as a matter of law."
 {¶ 5} The Glass Garden asserts a two-fold argument on appeal: that Kemer lacked standing to sue because he was not the proper party to bring the action and (2) that the magistrate's recommendation for a default judgment should not have been adopted by the trial court because the Glass Garden had not been properly served with the complaint and notice of the hearing.
 {¶ 6} The Glass Garden raised the issue of Kemer's standing for the first time in a one-sentence argument at the end of its objections. Because the Glass Garden failed to raise this affirmative defense through a responsive pleading, motion, or at the hearing, it cannot fault the magistrate for failing to consider a defense that it never raised. The Glass Garden suggests that it did not timely raise the standing defense, however, because it had no prior notice of the action against it and, therefore, no opportunity to file a responsive pleading or defend itself at the hearing.
 {¶ 7} The Glass Garden contends that it was not properly served with the complaint and, therefore, had no knowledge of this action against it until it received the magistrate's decision. Had there truly been no service of the complaint on the defendant, any judgment rendered in the action would be void ab initio. Jacobs v. Szakal, 9th Dist No. 22903, 2006-Ohio-1312, at ¶ 9. The Glass Garden asserted that service was improper because an unauthorized employee signed for the certified mailing rather than its manager, but it cited no legal authority to establish that such service was not proper. In fact, Civ.R. 4.2 allows service of process to be made on a corporation, unincorporated association, partnership, or professional association by serving the complaint in the entity's name by certified mail at its usual place of business.[1] See Civ.R. 4.2 (F)-(I). There is no dispute that the complaint was served on the Glass Garden in its entity name by certified mail at its usual place of business.
 {¶ 8} The Glass Garden further argued that, although service was received by an employee of the Glass Garden, the complaint was never forwarded to the manager. Thus, Glass Garden contends that its failure to enter an appearance in this case constituted excusable neglect, which would entitle it to relief from judgment under Civ.R. 60(B)(1). Although the loss of the complaint within the business premises may amount to neglect, the Glass Garden failed to explain how its neglect was excusable. "[A] determination of excusable neglect will turn on the facts and circumstances presented in each case." Hopkins v. QualityChevrolet, Inc. (1992), 79 Ohio App.3d 578, 582. Because the Glass Garden failed to articulate any of the facts surrounding the misplaced complaint, other than that the employee who signed for it was fired two weeks later, the trial court did not abuse its discretion by failing to determine that excusable neglect entitled the Glass Garden to relief from judgment. See Hopkins
at 581.
 {¶ 9} The Glass Garden has failed to demonstrate any error in the trial court's overruling of its objections and adoption of the magistrate's decision. The assignments of error are overruled.
 {¶ 10} The assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Boyle, J., concur.
[1] The Glass Garden did not demonstrate to the trial court what type of business entity it was, but it presumably is one of the entities covered by Civ.R. 4.2 (F)-(I).