OPINION
{¶ 1} This is an appeal by defendant-appellant, GMAC Mortgage ("GMAC"), from a judgment of the Franklin County Court of Common Pleas, Probate Division, overruling *Page 2 
GMAC's objections to a magistrate's decision which denied GMAC's motion for an order vacating judgment.
 {¶ 2} On October 19, 2004, plaintiff-appellee, Bradley B. Wrightsel, as guardian of the estate of Helen L. Ware, filed a "complaint to sell real estate," naming various defendants, including The Huntington Mortgage Company ("Huntington") and GMAC.[1] In the complaint, appellee sought in part to discharge any liens held by either Huntington or GMAC.
 {¶ 3} Appellee served GMAC at P.O. Box 4622, Waterloo, Iowa, by certified mail, and a return of certified mail service from that address was filed by the probate court on October 26, 2004. On December 3, 2004, appellee filed a motion for default judgment, pursuant to Civ.R. 55, against Huntington and GMAC. On that same date, the probate court filed an entry granting default judgment in favor of appellee and against Huntington and GMAC.
 {¶ 4} On March 7, 2005, GMAC filed a motion for order vacating judgment, pursuant to Civ.R. 60(B), as well as a motion for leave to file an answer out of time and for a stay of the sale of real property. Attached to the motion to vacate was the affidavit of Mary Taylor, an employee of GMAC, who averred that GMAC was the holder of a promissory note and mortgage conveying to GMAC an interest in the property, located at 623 Park Road, Worthington, Ohio. Taylor further averred that GMAC "was improperly served by the Plaintiff in this matter at an address not calculated to provide actual notice to GMAC of a lawsuit pending against it," such address being "a loan payment center *Page 3 
used solely for the purpose of receiving and crediting loan payments." On March 18, 2005, appellee filed a memorandum contra GMAC's motion to vacate. GMAC filed a reply on April 1, 2005.
 {¶ 5} The matter was referred to a magistrate of the probate court. On June 8, 2006, the magistrate issued a decision and order denying GMAC's motion to vacate. The magistrate found that GMAC was properly served by certified mail at its loan payment center, "an undisputed usual place of business for GMAC," and that appellee's efforts were "reasonably calculated" to apprise the interested parties of the pending action. The magistrate further found that GMAC failed to establish a meritorious defense, and, thus, failed to establish the first prong of the test under GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146.
 {¶ 6} On June 21, 2006, GMAC filed objections to the magistrate's decision, asserting: (1) it had a meritorious claim or defense; (2) it was entitled to relief under Civ.R. 60(B)(5); (3) the motion for relief was made within a reasonable amount of time; (4) the Civ.R. 60(B) motion was a proper vehicle by which to obtain relief; and (5) it was never properly served with the complaint.
 {¶ 7} By entry filed August 9, 2006, the probate court overruled GMAC's objections and denied its motion to vacate. In its decision, the probate court held in pertinent part:
 GMAC received the Complaint on October 22, 2004. The evidence provided by GMAC shows that GMAC did not even attempt to secure its interest by executing the assignment of the mortgage from Huntington to GMAC until March 25, 2005, nearly four months after the Entry Granting Default Judgment was filed and five months after receiving notice of the Complaint. A copy of that assignment was not filed in this *Page 4 
Court until April 1, 2005, almost a month after GMAC filed its Civil Rule 60(B) Motion on March 7, 2005. Therefore, GMAC failed to present a valid meritorious claim to the Court.
 Here, neither the original Note holder, Huntington, nor the assignee, GMAC, filed an answer or timely responded to the Complaint; both received proper service. The Entry Granting Default Judgment against Huntington and GMAC was filed on December 3, 2004. GMAC does not argue that its circumstances fell under excusable neglect as many other similar cases have been argued; the Court notes that this is because GMAC's inaction was not excusable neglect, but rather, just neglect. GMAC does argue that it is justified in requesting relief from the default judgment under Civ.R. 60(B)(5) because the judgment would unjustly result in a windfall for the Ward's estate.
 The Court finds that GMAC has no reason justifying relief under Civ.R. 60(B)(5). For judicial process to be effective, both in selling land and in preventing windfalls, necessary parties to an action must participate timely. The Court does not conclude that GMAC is not a lien holder. GMAC was included as a necessary party in the Complaint as a lien holder pursuant to R.C. § 2127.12. GMAC's failure to respond to the Complaint, however, was not justified and frustrates the processes of this Court. Therefore, GMAC fails the GTE test and is denied its status as a secured creditor and is rendered an unsecured creditor instead.
 * * *
 The Court finds that GMAC was properly served the Complaint, that GMAC did not notify Ms. Ware or her Guardian of any other place to provide service of the Complaint, that GMAC failed to timely file an Answer to the Complaint, that GMAC did not timely execute its assignment of the mortgage, that GMAC does not have a meritorious claim or defense for its failure to answer, and that GMAC does not have any reason to justify granting relief from judgment.
 {¶ 8} On appeal, GMAC sets forth the following assignment of error for this court's review: *Page 5 
 The Probate Court erred in denying GMAC Mortgage Corporation's request for relief from judgment, as GMAC satisfied the requirements of Civ.R. 60(B) and GTE Automatic Elec, Inc. v. ARC Indus. (1976), 47 Ohio St.2d 146, and is entitled to relief.
 {¶ 9} Civ.R. 60(B) states in relevant part as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 10} In GTE, supra, paragraph two of the syllabus, the Ohio Supreme Court held:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 {¶ 11} The failure by a movant to establish one of the above requirements under the GTE test is fatal to a claim for relief from judgment. Cleveland v. Johnson (Apr. 25, 1991), Cuyahoga App. No. 58367. A motion for relief from judgment is addressed to the sound discretion of the trial court, and such ruling will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
 {¶ 12} We will first consider the second prong of the GTE test, i.e., entitlement to relief under one of the grounds set forth in Civ.R. 60(B). In the instant case, GMAC *Page 6 
sought to vacate the judgment under Civ.R. 60(B)(5), whereby a court may grant relief for "any other reason justifying relief from the judgment." The Ohio Supreme Court has defined Civ.R. 60(B)(5) as a "catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 66. However, the grounds for invoking this provision "should be substantial," and such provision is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). Id.
 {¶ 13} In the present case, in its memorandum in support of the Civ.R. 60(B) motion, GMAC argued that service was made at an improper location, and, therefore, it did not receive notice of the complaint. More specifically, GMAC argued that service was made at an address used exclusively for processing loan payment checks. The magistrate, however, concluded that, pursuant to Civ.R. 4.2, GMAC "was properly served by receiving certified mail service at its loan payment center, an undisputed usual place of business," and that such service was reasonably calculated to achieve proper service.
 {¶ 14} In its objections to the magistrate's decision, GMAC reiterated its claim that it was not properly served. In addressing this objection, the trial court noted that a representative of GMAC, Rob Smedley, signed the certified mail card on behalf of GMAC on October 22, 2004. The court further found, as did the magistrate, that GMAC's loan payment center "is an undisputed usual place of business for GMAC and is a proper place to send service to a corporation under Civ.R. 4.2." The court noted that GMAC's neglect did not constitute "excusable neglect," and that its failure to respond to the complaint was not justified. *Page 7 
 {¶ 15} In its appellate brief, GMAC does not challenge the probate court's finding that service was proper; rather, GMAC "focuses its appeal on the premise that GMAC had met the criteria required for relief pursuant to Civ.R. 60(B)." More specifically, GMAC contends, in general, that no parties stood to be prejudiced by granting relief from judgment, that the effect of the probate court's decision was to grant a windfall upon appellee, and that the court arbitrarily determined that GMAC's failure to respond to the complaint was not justified.
 {¶ 16} While GMAC no longer challenges the probate court's finding that service was proper, in reviewing whether the probate court abused its discretion in overruling the objections to the magistrate's decision and denying the motion to vacate, we consider the factual allegations before that court. In addition to asserting that service was improper, GMAC further argued in its objections that appellee's decision to serve the complaint at a loan payment center "could result in substantial delay in forwarding the summons to the proper entity, as is likely the case in the instant action."
 {¶ 17} As recognized by the trial court, the facts as alleged by GMAC in its motion suggest a claim for relief based upon neglect, i.e., that its employee(s) at the loan center failed to forward the complaint to the appropriate corporate department. In general, cases seeking relief from judgment where a corporate entity has alleged that service of a complaint was not handled properly through internal procedures have been brought under Civ.R. 60(B)(1). See Hopkins v. Quality Chevrolet,Inc. (1992), 79 Ohio App.3d 578, 582 ("relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person"); Beck-Durell CreativeDept, Inc. v. *Page 8 Imaging Power, Inc., Franklin App. No. 02AP-281, 2002-Ohio-5908 (affidavits by corporate officials stating that person responsible for forwarding all legal documents failed to follow corporate policy sufficient to show excusable neglect under Civ.R. 60[B][1]); Perry v.Gen. Motors Corp. (1996), 113 Ohio App.3d 318, 324 (relief under Civ.R. 60[B][1] available where defendant supported motion for relief with affidavits indicating complaint and summons were inadvertently sent to wrong department and misplaced, and, therefore, never received by appropriate person in corporate hierarchy).
 {¶ 18} Thus, assuming GMAC's failure to timely respond to the complaint was the result of inadvertence by its employees, it had the burden of demonstrating excusable neglect under Civ.R. 60(B)(1) as opposed to Civ.R. 60(B)(5), which may not be used as a substitute for one of the more specific provisions of the rule. SeeCaruso-Ciresi, supra, at 66. See, also, Ohio Edison Co. v. Oehler (Oct. 4, 1995), Summit App. No. 17167 (if plaintiff's summons and complaint were not forwarded to the appropriate person after being properly served, that failure was apparently due to the neglect of defendant's employees; if such neglect was inexcusable, it would not be an appropriate basis for relief under Civ.R. 60[B], including subpart [5]).
 {¶ 19} In the instant case, however, the probate court determined, and we agree, there is nothing in the record to indicate GMAC's failure to answer the complaint was attributable to any neglect that was excusable. While GMAC submitted an affidavit from a representative averring generally that "GMAC was improperly served," there is no indication as to what actions employees at the loan center took upon receipt of the complaint. *Page 9 
 {¶ 20} Moreover, assuming, arguendo, the applicability of Civ.R. 60(B)(5), the probate court did not abuse its discretion in failing to grant relief under that provision. Under Ohio law, Civ.R. 60(B)(5) is only to be utilized "in an extraordinary and unusual case when the interests of justice warrants it." Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 105. In the instant case, GMAC's motion did not set forth operative facts demonstrating it failed to answer the complaint due to extraordinary circumstances beyond its control.
 {¶ 21} Accordingly, because at least one of the requirements under theGTE test was not met, the probate court did not abuse its discretion in denying GMAC's motion to vacate. Based upon the foregoing, GMAC's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division, is hereby affirmed.
Judgment affirmed.
FRENCH and TYACK, JJ., concur.
[1] On November 28, 2005, Richard F. Meyer filed a notice of appearance as successor guardian of the estate. *Page 1